UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                              Case No. 23-mj-30352

Jibreel Darnell Pratt,

    Defendant.
_____/

**United States' Motion for and Brief in**
**<u>Support of Revoking Bond and for Detention</u>**

Defendant Jibreel Pratt was charged in August of 2023, via a complaint (hereinafter "the Fraud Complaint"), for violations of 18 U.S.C. §§ 1028(a)(7) (possession of means of identification in connection with another felony offense, including wire fraud); 1029(a)(2) (use and trafficking of access devices); 1029(a)(3) (possession of 15 or more access devices); 1030(a)(2) (illegally accessing a protected computer); 1030(b) (conspiracy to commit computer fraud); and 1343 (wire fraud).

While on bond and under federal supervision for this case, a federal grand jury indicted Pratt on two counts of attempting to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B. (*See* Indictment, Case No. 24-20274, ECF No. 1, PageID.1-3). A detention hearing in this new

1

case—hereinafter "the Material Support Indictment" is set for May 30, 2024. (*See* Order, Case No. 24-20274, ECF No. 8).

During the execution of a search warrant connected to the Material Support Indictment, evidence was discovered at Pratt's residence—including a firearm—that demonstrates that he violated bond conditions imposed after he was charged by the Fraud Complaint. The government therefore asks that his bond be revoked and that he be detained.

## Facts

On May 28, 2024, agents executed a federal search warrant connected to the Material Support Indictment at Pratt's home—where he lives with his grandmother—and found a loaded handgun hidden within a container of dogfood in Pratt's bedroom.

 

2

An iPhone was also found within the dogfood. A factory reset appears to have been initiated on the phone shortly before its discovery.



Ammunition was also located hidden on Pratt's floor of the two-floor residence.




3

A photograph of Pratt consistent with a passport photo was also found inside of a gun case.



Pratt's federal bond conditions required that Pratt "not possess a firearm." (Order Setting Conditions of Release, Case No. 23-30352, ECF No. 10, PageID.51).

> ☑ (m) not possess a firearm, destructive device, or other dangerous weapons. Remove all firearms, destructive devices or other dangerous weapons from bond address and provide verification to the supervising officer within 48 hours of release.

Pratt *promised* to "obey all conditions" and signed his name to that pledge.

**Acknowledgment of the Defendant**

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_Defendant's Signature_

Wixom, MI
City and State

Pratt's bond also ordered that he "must not violate federal . . . law while on release." (Order, Case No. 23-30352, ECF No. 10, PageID.49). And Pratt is subject to prosecution for contempt of court for violating the condition that he shall not possess a firearm. *Lamar*, 2021 WL 4398317, at *2.

## Legal Standard and Argument

"Pursuant to § 3148(a), '[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court.'" *United States v. Lamar*, No. 19-CR-20515, 2021 WL 4398317, at *2 (E.D. Mich. Sept. 27, 2021) (Goldsmith, J.) (quoting 18 U.S.C. § 3148(a)). And "a judicial officer 'shall enter an order of revocation and detention' if the judicial officer (i) finds that there is clear and convincing evidence that the person has violated a condition of release; and (ii) finds that either (a) based on the factors set forth in 18 U.S.C. § 3142(g), there is no condition or combination of conditions of release that will assure that

5

the person will not flee or pose a danger to the safety of any other person or the community, or (b) the person is unlikely to abide by any condition or combination of conditions of release." *Id.* (quoting § 3148(b)).

Pratt violated his bond condition when he possessed a firearm. This condition of his release was clear—and acknowledged.

The concealment of the firearm and ammunition reinforces that Pratt knowingly violated the conditions of his release. The apparent reset of the iPhone as agents arrived as his home also suggests that Pratt sought to conceal evidence. And the apparent passport photo suggests that he was considering flight.

These facts, along with the facts alleged in the Material Support Indictment, demonstrate that there is no set of conditions that will assure that he is not a danger, not a flight risk, or will not (again) violate his release conditions.

This court therefore should revoke Pratt's bond and order him detained.

Respectfully Submitted,

DAWN N. ISON
United States Attorney

*s/Timothy Wyse*
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226

Dated: May 29, 2024

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2024, I served a copy of the foregoing upon counsel of record via the court's electronic CM/ECF system.

/s/ Timothy J. Wyse